IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JASON SAINT,                           :
                                       :
         Plaintiff,                    :
                                       :
VS.                                    :         CIVIL ACTION FILE NO.
                                       :         **7 : 08-CV-29 (HL)**
TED PHILBIN, et. al,                   :
                                       :
         Defendants.                   :
_____

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action are defendants' pre-answer motion to dismiss the complaint (doc. 13) for failure to exhaust administrative remedies and their motion to stay discovery pending resolution of the motion to dismiss (doc. 15).

At all relevant times, Plaintiff was an inmate in the Georgia Department of Corrections ("DOC"). He alleges that on October 1, 2007, he set fire to a blanket in his cell after being given "cold sack lunches," and being "refused ice, showers and medical-mental health care for 72 hours." (Doc. 2, ¶¶ 4-5). Plaintiff further claims that after Defendants arrived, put out the fire and escorted him to isolation, he was physically assaulted by Defendants "Snake," Powers and Howell, while Defendant Brown "stood as a lookout." (Doc. 2, ¶¶ 10-11). Plaintiff claims that the following morning he reported the assault and relayed that he had been denied medical care to Defendant Philbin, who "failed to act in dereliction of duty." (Doc. 2, ¶ 13).

Defendants have submitted the affidavit of Shevondah Fields, who is the Unit Manager for the Office of Inmate Affairs for the Georgia Department of Corrections, whose duties include maintaining the records of inmate grievances and related documents in the ordinary course of

business.     The DOC maintains a grievance process that is subject to explicit guidelines and available to all inmates.  Upon admission to DOC, all inmates receive an oral explanation of the process and an outline of the process in their copy of the inmate Orientation Handbook. Inmates may also review the entire DOC Standard Operating Procedure ("SOP") for the grievance process, which is located in the library of each DOC facility.   Exhaustion of the DOC grievance procedure requires a three-step filing process: filing of an informal grievance, a formal grievance, and an appeal.  Inmates are required to first file an informal grievance form no later than ten (10) calendar days from the date the inmate knew, or should have known, of the facts giving rise to the grievance.  These informal grievance forms are available in the control rooms of all living units. (Doc. 13 Affidavit of Shevondah Fields).

 Inmates located in isolation and segregation areas may obtain a form upon request from either their counselors, or the officers on duty.  Inmates located in isolation and segregation areas have access to their dorm counselors on a regular basis and to their duty officers on a daily basis.  Once an informal grievance is submitted, the inmate receives a receipt noting the date of submission. (Doc. 13 Affidavit of Shevondah Fields).

 The inmate's counselor provides a written response to the informal grievance within ten (10) calendar days of the receipt of the informal grievance form. If the inmate does not feel that the informal grievance has been resolved, the inmate may move to the second step of the process and file a formal grievance. (Doc. 13 Affidavit of Shevondah Fields, ¶ 11). Formal grievances must be filed within five (5) business days of the inmate's receipt of the written resolution to the informal grievance.  Formal grievances are provided by the inmate's counselor, who prepares a report summarizing the facts of the complaint, along with his or her findings, and a

recommendation which is forwarded to the Warden of the institution. (Doc. 13 Affidavit of Shevondah Fields).

The Warden, in turn, provides a written response to the inmate, which states the reasons for the decision reached.  The inmate is also advised of the appeal procedure at this time and given an opportunity to receive a grievance appeal form.  The entire formal grievance process must be completed within thirty (30) calendar days from the date the formal grievance is filed with the inmate's counselor. (Doc. 13 Affidavit of Shevondah Fields).

If the Warden's response time exceeds the thirty (30) days, the inmate may appeal the grievance to the Commissioner's Office, unless a one time ten (10) day extension has been authorized and the inmate has been notified of the authorized extension by the Grievance Coordinator.  If the formal grievance is denied by the Warden, the inmate may appeal the grievance to the DOC Commissioner's Office within five (5) business days. The appeal is forwarded to the Office of Inmate Affairs for review and determination. This review/determination is the final step in the DOC's administrative process.
(Doc. 13 Affidavit of Shevondah Fields).

If, however, the inmate feels threatened by other offenders or by departmental staff, the inmate has the option of filing an Emergency grievance. Emergency grievances are immediately referred to the Grievance Coordinator, or, if filed after hours, to the Duty Officer.   Once received, the Grievance Coordinator or Duty Officer assesses whether the grievance constitutes an emergency, or can be addressed through routine channels of the process.  If the grievance is determined to be an emergency, whatever action is necessary to protect the health, safety, or welfare of the inmate is taken immediately. (Doc. 13 Affidavit of Shevondah Fields).

Regardless of the determination, information from the Emergency grievance is documented and the inmate is given a written response within five (5) calendar days. If the grievance is determined not to be an Emergency grievance, it is returned to the inmate, who is allowed to file an informal grievance out of time and seek resolution through the normal grievance procedures. DOC procedures do not contain any provision allowing inmates to bypass the grievance process outlined in SOP IIB05-0001. (Doc. 13 Affidavit of Shevondah Fields).

In addition to the Emergency grievance, inmates who feel threatened may have an option of filing an untimely grievance. For instance, the inmate may file an out of time grievance upon transfer to another facility. All such untimely grievances are reviewed for good cause. If the grievance is determined to be untimely other than for good cause, the inmate has an opportunity to appeal the denial to the Unit Manager of the institution, and to provide an explanation of why the grievance is being filed out of time. (Doc. 13 Affidavit of Shevondah Fields).

Plaintiff has filed six formal grievances, none of which has been appealed. (Doc. 13 Affidavit of Shevondah Fields, ¶ 22). On November 30, 2007, Plaintiff was permitted to untimely file formal grievance 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, regarding an alleged use of force and denial of medical treatment he claimed occurred on October 1, 2007. (Doc. 13 Affidavit of Shevondah Fields, ¶ 23). No response to grievance 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 has been issued at the institutional level. (Doc. 13 Affidavit of Shevondah Fields, ¶ 24).

Plaintiff did not, however, utilize DOC's grievance procedures to exhaust this grievance, as he did not appeal the Warden's failure to respond. (Doc. 13 Affidavit of Shevondah Fields, ¶ 24). However, in his response to the motion to dismiss, plaintiff claims that he did file an appeal "to the highest level [sic] i.e. the Commissioner's Office and was also denied." (Doc. 20).

Plaintiff further asserts that he is "currently having the institutional counselor retrieve these documents from Plaintiff's institutional file." (Doc. 20).

Defendants have supplemented by filing the affidavits of Danny Waters and Benji Nobles. Danny Waters is the Chief Counselor at Valdosta State Prison and is responsible for overseeing the grievance procedure there. In his affidavit, Mr. Waters states that a review of the grievance log at VSP reveals that Plaintiff did not file an appeal on grievance 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. (Doc. 22 Affidavit of Danny Waters, ¶ 5). Benji Nobles is the Grievance Coordinator at Autry State Prison ("ASP") and is responsible for overseeing the grievance procedures at ASP. (Doc. 22 Affidavit of Benji Nobles, ¶¶ 3, 4). A review of the grievance log at ASP reveals that Plaintiff did not appeal grievance 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. (Doc. 22 Affidavit of Benji Nobles, ¶ 5).

To this evidence, plaintiff responds that defendants have identified the wrong grievance, and that therefore it would be expected that they not find the appeal of the correct one. Plaintiff states that the correct one is 73402, and states that he will be able to prove that he has exhausted upon the completion of discovery. However, this statement is unverified and unsworn, and cannot be considered as competent evidence in this matter.

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

"That provision plainly requires that administrative remedies be exhausted *before* the filing

5

of suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original).  Exhaustion of administrative remedies is a precondition to the filing of a §1983 suit in federal district court. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir.2001) (per curiam).  See also Lyons v. Serrano, 205 Fed. Appx. 719, (11th Cir. 2006).

According to records maintained at the prison, plaintiff failed to exhaust the administrative remedies available to him prior to the filing of this lawsuit.  Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.

Therefore, it is the RECOMMENDATION of the undersigned that defendants' motion to dismiss be **GRANTED**.   It is also RECOMMENDED that defendants' motion to stay discovery be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of February, 2009.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd